LOTTINGER, Judge.
This is a suit by Kenneth W. Hughes to recover property damages sustained when his automobile was rear-ended. Named defendants are Southeastern Fidelity Insurance Company, Jimmie Coleman and Albert D. Andrews. From a judgment in favor of the plaintiff, the defendant, Southeastern Fidelity Insurance Company, has perfected this appeal.
The record points out that on the day of the accident, Green Andrews borrowed Tom Cates’ truck in order to go fishing and let Cates use his car while he was using the truck. This was a common practice between the two parties; Green Andrews would utilize the pickup truck to make fishing trips and at other times Tom Cates and Green Andrews would borrow each other’s vehicle for the purpose of running errands.
It was during this particular swap of vehicles that Cates, without first obtaining permission of Andrews and while remaining a passenger therein, permitted Jimmie Coleman to drive the automobile. Coleman struck the Hughes vehicle which was parked on the shoulder of U. S. Highway 90 in St. Charles Parish, Louisiana, while Hughes was attempting to change a flat tire. There is no question but that Coleman was intoxicated at the time of the accident and his drivers license was expired.
The subject insurance policy was originally procured by Leonea Andrews’ son, Albert, for a 1960 Chevrolet owned by him. Later, Albert Andrews gave this car to his father, Green Andrews, for his use. Thereafter, the automobile became nonfunctional and Leonea Andrews bought Green Andrews a 1961 Chevrolet, and the insurance coverage on this 1960 model was then transferred to the 1961 Chevrolet. It is uncontested that even though the title to the insured automobile was in the name of Leonea Andrews, it was within the exclusive control of her husband, Green Andrews. Southeastern acknowledges coverage of the Andrews’ automobile and concedes that Green Andrews is the named insured for the purposes of this litigation, but denies liability on the grounds that Jimmie Coleman was driving the car without the permission of the named insurer and was, therefore, not an insured under the omnibus clause of the policy.
The Trial Judge, without stating reasons, cast Southeastern in judgment for $1,000.-00, obviously holding that Coleman had Andrews’ permission to drive the subject car. Neither Andrews nor Coleman was made subject to the judgment.
Southeastern contends that the Trial Judge erred in (1) finding that Jimmie Coleman was driving the Andrews’ vehicle with the permission of the named insured, and (2) failing to require plaintiff to es *838 tablish his damages by a preponderance of the evidence.
The insurance policy in part provides:
“HI. Definition of Insured. With respect to the insurance for bodily injury liability and for property damage liability the unqualified word ‘insured’ includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while operating the automobile and any other person or organization legally responsible for the operation thereof, provided the actual operation of the automobile is by the named insured or such spouse or with the permission of either. * * * ”
In order for the plaintiff to recover from Southeastern, it must be shown that the insured’s automobile was driven by Coleman with the permission of Andrews.
The record points out that Coleman did not have specific permission from Andrews. However, the Trial Judge obviously found that there was implied permission for Coleman to drive Andrews’ automobile, as plaintiff was allowed to recover under the policy. If permission is to be implied in the instant case, it is dependent upon whether or not, in considering all of the facts and circumstances surrounding the use of the insured’s automobile by the first permittee, it was foreseeable that the first permittee had authority to let another (second permittee) drive or use the insured automobile.
We conclude from reading the record that these two friends, Andrews and Cates, swapped vehicles quite often, and without necessarily seeking permission each time. Andrews testified that he did not give instructions to Cates as to the use of the car, nor did he tell him not to let someone else drive it. In fact, Andrews did not know Coleman at the time of the accident.
As Mr. Justice Summers said in American Home Assurance Company v. Czar-niecki, 255 La. 251, 230 So.2d 253, 257 (1969), rehearing denied (1970) :
“Where a general permission is granted or implied, a deviation from the contemplated route or distances to be traveled is more readily foreseeable than the act of a permittee in lending the automobile to another driver. We say this because ordinarily it may be understood that a person is more apt to exercise care in the selection of the driver of his car than in the selection of the route over which it is to be used by a .permittee. This is a human equation based upon the inference that, generally, a delegation of authority to drive a car imposes a more onerous responsibility than an understanding concerning use or the route to be traveled by one who borrows the car of another.” (Emphasis added.)
We feel it important to note that in Czarniecki, supra, when permission was sought by the first permittee, the owner was informed by the first permittee that he was double dating. Even with this knowledge our Supreme Court held that it was not foreseeable that the first permittee would allow another to drive the car. There is no indication in this record that Andrews knew anyone else would be with Cates and have the possibility of driving the car. Further, this record gives no indication that Andrews gave Cates even implied permission to allow someone else to drive the car, much less an intoxicated person to drive the car. Yes, Cates used the car frequently, without specifically asking permission, and without being instructed by Andrews as to the use of the car and who could or could not drive it, but we do not find that Andrews could foresee Cates allowing someone who was drunk to drive the car. If there would have been some 'showing-as to how.Cates used the car in the past, whether he ever used the car on double dates, whether he partied with the car, whether he ever allowed someone else to drive it, the plaintiff may have proven implied permission, but this he did not do, and it is not for this Court to grant him *839 something he has not proven. We are of the opinion that the Trial Court was in error in finding for the plaintiff. Having reached this conclusion, there is no need to discuss the specification of error as to damages.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is reversed, and it is ordered that there be judgment in favor of the defendant-appellant, Southeastern Fidelity Insurance Company. All costs of this appeal are to be paid by plaintiff-appellee.
Reversed and rendered.
BLANCHE, J., dissents for reasons assigned.
EDWARDS, J., dissents for reasons assigned by BLANCHE, J.